UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


David M. Kruchten,

                    Petitioner,        Case No. 25-11345

v.                                Judith E. Levy
                                  United States District Judge

Eric Rardin,

                                 Mag. Judge Kimberly G. Altman
                  Respondent.

_____/


**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO EXPEDITE REVIEW [9] AND GRANTING IN PART THE
PETITION FOR WRIT OF HABEAS CORPUS [1]**

Petitioner David M. Kruchten, currently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner challenges the Bureau of Prisons' ("BOP") calculation of his First Step Act time credits. Respondent filed an answer to the petition for a writ of habeas corpus. (ECF No. 6.) Petitioner filed a reply and a motion for expedited review. (ECF Nos. 7, 9.)

For the reasons set forth below, Petitioner's motion to expedite the petition is granted. (ECF No. 9.) The Court grants in part the petition for a writ of habeas corpus. (ECF No. 1.)

## I. Background

Petitioner is a federal prisoner who is serving a 144-month sentence following his conviction in the United States District Court for the Western District of Wisconsin for attempting to produce visual depictions of minors engaging in sexually explicit conduct using hidden recording devices, in violation of 18 U.S.C. § 1466A, and travelling in interstate commerce with a motivating purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). (ECF No. 6-2, PageID.91.) Petitioner was sentenced on October 22, 2021. (*Id.*) Petitioner arrived at FCI-Milan on December 27, 2021. (*Id.* at PageID.83.)

Petitioner is eligible for home detention on October 21, 2028, and is projected for good conduct time release on April 21, 2030. (*Id.* at PageID.90–91.) With his projected First Step Act credits of 365 days, he is projected for release on April 21, 2029. (*Id.*) However, according to the BOP, Petitioner is eligible to be released to prerelease custody pursuant

to the First Step Act on August 20, 2027. (ECF No. 1, PageID.23.) With an additional possible one-year reduction under the Second Chance Act ("SCA"), Petitioner's current conditional placement date for prerelease custody is August 20, 2026. (*Id.*) Petitioner has been approved for release to a halfway house on August 5, 2026. (ECF No. 9, PageID.139.)

Petitioner argues that the BOP is denying him credits under the First Step Act because under a current BOP regulation, 28 C.F.R. § 523.42(a), a federal prisoner can only begin to earn First Step Act credits upon his arrival at federal prison. (ECF No. 1, PageID.10–11.) Petitioner argues that this is an invalid interpretation of federal law because it conflicts with 18 U.S.C. § 3585(a), which states that a federal sentence commences when the federal defendant is sentenced. (*Id.*) Petitioner claims that he is entitled to begin earning credits from the date he was sentenced for his federal conviction, not the date that he arrived at FCI-Milan. Petitioner also claims that the BOP does not allow inmates, such as Petitioner, to continue to earn First Step Act credits once they are placed in pre-release custody. (*Id.* at PageID.12.)

## II. Analysis

A petition for a writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Petitioner's application is properly brought under Section 2241 because he is challenging the manner in which his sentence is being executed.

The Court first grants Petitioner's motion for expedited review because time is of the essence in this case. (ECF No. 9.)

Eligible federal inmates, those whose convictions do not exclude them from receiving First Step Act benefits, may earn First Step Act Credits ("FTCs"). An eligible inmate can earn ten FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional five FTCs during those 30 days if (1) his recidivism-risk rating is minimum or low, and (2) his risk of recidivism has not increased for two consecutive recidivism assessments by the BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2). A federal prisoner may lose earned FTCs for violating the requirements or

rules of programs, or as a sanction for a prohibited act. 28 C.F.R. § 523.43(a).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, thereby shortening their sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to pre-release custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

## A. Exhaustion

Respondent argues that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies. (ECF No. 6, PageID.69.) While Respondent acknowledges that Petitioner filed a grievance in which he claimed that the BOP used the wrong start date when calculating his credits, Respondent nevertheless argues that the claim is unexhausted because Petitioner never provided details about what productive activities he engaged in post-sentencing but prior to his arrival at FCI-Milan, such that the BOP could make an assessment of whether he was qualified to receive FTCs. (*Id.* at PageID.71.)

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See, e.g., Luedtke*, 704 F.3d at 466.

The BOP maintains an Administrative Remedy Program which allows an inmate to seek formal review of any issue relating to the inmate's confinement. 28 C.F.R. § 542.10(a). "The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a 'BP–9' form; (3) appealing to the Regional Director on a 'BP–10' form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a 'BP–11' form within 30 days of the date the Regional Director signed the response to the appeal." *Risher v. Lappin*, 639 F.3d 236, 238–39 (6th Cir. 2011) (citing 28 C.F.R. §§ 542.13–15).

As an initial matter, Respondent does not provide any support for its position suggesting that a federal prisoner who challenges the validity of 28 C.F.R. § 523.42(a) must specify which programs he participated in prior to his arrival at federal prison in order to properly exhaust any claim that challenges the validity of the regulation.

Moreover, there is a futility exception to the exhaustion requirement. *See Fazzini,* 473 F.3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)). The Sixth Circuit has "stated that a habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner." *Id.*

Petitioner's claim that he is entitled to earn FTCs from the date he was sentenced and not the date when he arrived at FCI-Milan, as the BOP computes his FTCs, "involve[s] an issue of statutory construction— namely, whether the BOP regulation governing the date upon which the First Step Act allows prisoners to start earning [First Step Act] time credits, 28 C.F.R. § 523.42(a), conflicts with the statutory provision 18 U.S.C. § 3585(a), which defines when a sentence 'commences.'" *Gale v. Warden FCI Milan*, No. 24-13127, 2025 WL 223870, at *3 (E.D. Mich.

Jan. 16, 2025) (Michelson, J.). Numerous courts, including two judges in this district, have excused exhaustion where a habeas petitioner challenges the BOP's regulation regarding the date that a federal prisoner can begin earning First Step Act time credits, because it is futile. *Id.* (collecting cases); *see also Dunn v. Rardin*, No. 25-CV-13068, 2026 WL 237474, at \*1 (E.D. Mich. Jan. 29, 2026) (Leitman, J.). This Court will also excuse the exhaustion requirement and declines to dismiss the Petition for failure to exhaust.

**B. Mootness**

Respondent also argues that Petitioner's claims are moot because he has received credit for 365 days, which Respondent argues is the maximum sentencing credit that Petitioner can earn under the First Step Act.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of

habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the petitioner fails to present a justiciable case or controversy within the meaning of Article III. *See Ayers v. Doth*, 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).

Petitioner's claims are not moot. It is true that Petitioner can earn no more than 365 days credit towards his early transfer to supervised release. However, eligible prisoners may have any remaining FTCs applied towards early transfer to pre-release custody. 28 C.F.R. § 523.44(c). Petitioner's claims, if true, could accelerate the date that the BOP could release him to pre-release custody. Accordingly, his claims are not moot.

## C. Petitioner is entitled to habeas relief on his first claim

Petitioner argues that the BOP is wrongfully denying him credits under the First Step Act pursuant to BOP regulation, 28 C.F.R. § 523.42(a), which indicates that a federal prisoner can only begin to earn FTCs upon his arrival at federal prison. (ECF No. 1, PageID.10.) Under

9

the BOP's current calculation, Petitioner is only entitled to earn FTCs beginning at the date of his arrival at FCI-Milan on December 27, 2021. Petitioner argues that he is entitled to begin earning FTCs from the date of his sentence on October 22, 2021. He also argues that the BOP's regulation is an invalid interpretation of federal law because it conflicts with 18 U.S.C. § 3585(a), which states that a federal sentence commences when the federal defendant is sentenced. (*Id.* at PageID.10–11.)

The court in *Gale v. Warden FCI Milan* granted habeas relief on an identical claim brought by another petitioner. The *Gale* court indicated that "[m]any district courts, all in other circuits, have accepted the argument advanced by Petitioner and found 28 C.F.R. § 523.42(a) [conflicts with 18 U.S.C. § 3585(a) and thus, is] invalid." *Gale*, 2025 WL 223870, at *4 (quoting *Heath v. Knight*, No. CV 22-7270 (RMB), 2024 WL 5198863 (D.N.J. Dec. 23, 2024)) (collecting cases) (alterations in original). The *Gale* court further noted that "[m]any of the courts that have addressed this issue have found that inmates are eligible to earn time credits beginning on their sentencing date because they are in BOP custody awaiting transport to their designated facility, and thus, their sentence has commenced." *Id.* The court in *Gale* saw "no reason to rule

10

contrary to this consistent case law," in light of the Supreme Court's ruling in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), because "the BOP's interpretation of ambiguous statutory language is no longer entitled to deference" by a federal court. *Id.*

The Court agrees with *Gale*'s reasoning and that of the numerous cases cited in *Gale* and finds that Petitioner became eligible to earn First Step Act time credits on October 22, 2021, the date he was sentenced and was committed to the custody of the BOP. *Id.* Respondent's argument—that Petitioner has provided no documents to suggest he participated in evidence-based recidivism reduction programming or productive activities prior to his arrival at FCI-Milan—is an issue for the BOP to address when it undertakes its recalculation of Petitioner's FTCs. *Id.*

### D. Petitioner is not entitled to relief on his second claim

In his second claim, Petitioner alleges that the BOP will not let him earn any additional FTCs once he is released to pre-release custody. Petitioner references a BOP memorandum from October 4, 2024, which was provided by Respondent. (ECF No. 6-2, PageID.93–95.) The BOP memorandum describes the First Step Act Conditional Placement Date as such:

> This date reflects the maximum amount of FSA [("First Step Act")] Federal Time Credits an FSA eligible individual can earn towards pre-release confinement (RRC/WRC [i.e., Residential Reentry Centers, Work-Release Centers] or home confinement) given their current PATTERN risk level. If this date is 'N/A' then the AIC [Adult in Custody, i.e. prisoner] will not earn any FTCs towards pre-release placement and the SCA conditional placement date should be used for planning.

(*Id.* at PageID.94.)

The memorandum further indicates that the First Step Act Conditional Placement Date is a projection "used for planning purposes" and is "not considered final until the FTCs are applied and/or community placement is approved. These dates may change based on AIC behavior, programming participation, or changes in eligibility." (*Id.*) Finally, the memorandum cautions that "it is critical that AICs and staff understand this is a **PLANNING TOOL** which will be used to help prepare individuals for placement in the community, these dates are not guaranteed and are subject to change based on behavior, program participation, eligibility, appropriateness, and community resources." (*Id.* (emphasis in original).) The memorandum does not state that a prisoner cannot earn additional FTCs while in prerelease custody, but only that such credits cannot be awarded until actually earned.

12

Contrary to Petitioner's argument, time credits under the First Step Act "will not be applied towards an inmate's release date unless earned." *Banks v. Cox*, No. 1:23-CV-01025, 2024 WL 2262683, at *2 (W.D. La. May 6, 2024) (quoting BOP Program Statement 5410.01), *report and recommendation adopted*, No. 1:23-CV-01025, 2024 WL 2261952 (W.D. La. May 17, 2024). "[T]he BOP cannot rely on its projection of future earned credits when applying FTCs because there is no guarantee that an inmate will actually earn those credits." *Cox v. Rardin*, No. 2:24-CV-10676, 2025 WL 495342, at *5 (E.D. Mich. Feb. 13, 2025) (McMillion, J.). Accordingly, the BOP did not err in failing to award Petitioner up front for any FTCs that he may earn in the future while in prerelease custody. Petitioner is not entitled to habeas relief on this claim.

### III. Conclusion

Petitioner's motion for expedited review (ECF No. 9) is GRANTED, and Petitioner's habeas petition (ECF No. 1) is GRANTED IN PART. Respondent is ordered to recalculate Petitioner's First Step Act time credits to include his eligibility for such credits beginning on October 22, 2021, the date Petitioner was sentenced and committed to BOP custody. The BOP shall also consider whether Petitioner met the requirements for

First Step Act programming and activities during the period from the date of his sentencing until the date of his arrival at FCI-Milan and then recalculate his time credits.

IT IS SO ORDERED.

Dated: February 6, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 6, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

14